UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MEYER,<br><br>        Plaintiff,<br><br>    v.<br><br>T. SHAN,<br><br>        Defendant. | Case No. 19-cv-01347-JD<br><br>**ORDER OF DISMISSAL AND TO SHOW CAUSE RE VEXATIOUS LITIGANT** |

With respect to the specific complaint in this case, plaintiff is a patient at a mental health facility in Illinois who has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's complaint is incomprehensible, and he presents no distinct claims. Plaintiff briefly discusses medication he is taking at the mental hospital in Illinois and then discusses various sex acts he wished to perform with several people. Plaintiff's allegations are frivolous and fail to state a claim under 42 U.S.C. § 1983. Because no amount of amendment would cure the deficiencies of the complaint, this action will be dismissed without leave to amend.

For the order to show cause, plaintiff has filed a barrage of incomprehensible lawsuits in this district, where he does not reside. All of the complaints have been dismissed because they were unintelligible. Plaintiffs repeated filings here are particularly odd because he is housed in Illinois, names defendants in Illinois or elsewhere in the country, and none of the cases have any connection whatsoever to the Northern District of California.

It seems likely that the filings reflect a mental health issue related to plaintiff's confinement. While the Court wishes plaintiff well on his course of treatment, the frivolous filings must be stopped because they are inordinately burdening the Court's legal staff and the Clerk's office. Consequently, plaintiff is ordered to show cause why he should not be declared a vexatious litigant and required to obtain leave of Court before filing any new action.

**Legal Standard**

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessy*, 912 F.2d 1144, 1148 (9th Cir. 1990). To determine whether a litigant is "vexatious," courts consider, among other factors, the number and nature of the litigant's court filings, the litigant's motive in submitting those filings, and whether the litigant's filings have caused other parties needless expense or imposed an unnecessary burden on the courts or court staff. *Molski*, 500 F.3d at 1057-58 (applying the factors from *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)).

**Record**

On December 24, 2018, plaintiff filed a complaint in *Meyer v. World Bank*, Case No. 18-cv-7703 JD (N.D. Cal. Dec. 24, 2018). Plaintiff named many defendants including the World Bank, the International Monetary Fund, several Supreme Court Justices and former President Obama. He argued that defendants were responsible for high taxes and for his abuse at a state hospital. The case was dismissed for failure to state a claim and as frivolous.

On December 24, 2018, plaintiff filed a complaint in *Meyer v. U.S. District Court*, Case No. 18-cv-7706 JD (N.D. Cal. Dec. 24, 2018). Plaintiff discussed corruption caused by the World Bank and International Monetary Fund and sought to reopen old court cases. He also discussed the food he was receiving at his facility and he took issue with the ingredients. The case was dismissed for failure to state a claim and as frivolous.

On December 24, 2018, plaintiff filed a complaint in *Meyer v. Christian Coalition*, Case No. 18-cv-7707 JD (N.D. Cal. Dec. 24, 2018). In the complaint, plaintiff sought to marry several actresses who he has named as co-petitioners and he sought information regarding predatory loans and toxic securities. He also stated that the World Bank and International Monetary Fund were threats to world peace. The case was dismissed for failure to state a claim and as frivolous.

In February 2019, plaintiff filed 13 cases: Case No. 19-cv-0582 JD, 19-0643, 19-0644; 19-0645, 19-0777, 19-0778, 19-0779, 19-0840, 19-0841, 19-0842, 19-0843, 19-0844, 19-0894. All of these complaints were incomprehensible and were dismissed as either duplicative or for failure to state a claim and as frivolous. On March 13, 2019, plaintiff filed *Meyer v. Staff at Read who Hid my Radio*, Case No. 19-cv-1346 JD (N.D. Cal. March 13, 2019). He stated that personal property needed to be replaced and he described sex acts he wished to perform with another individual. This case was dismissed as frivolous and plaintiff was instructed to file cases in his district if he has problems with his medication at the hospital.

**Discussion**

Given the history of plaintiff's filings with this court, he may qualify as a vexatious litigant. He has filed 19 incomprehensible complaint 18 of which have already been dismissed for failure to state a claim, frivolous or duplicative. Plaintiff has been advised that if there are problems with the conditions of his confinement he must file cases in Illinois.

On the basis of this record, the Court is considering declaring plaintiff a vexatious litigant and ordering that his future filings be screened before docketing to determine whether they are similarly frivolous and/or incomprehensible. Plaintiff shall submit a filing by **April 5, 2019**, showing cause why he should not be designated a vexatious litigant and subject to a pre-filing order.

**IT IS SO ORDERED.**

Dated: March 22, 2019

_____
JAMES DONATO
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERIC MEYER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. SHAN,<br><br>　　　　Defendant. | Case No. 19-cv-01347-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 22, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Meyer ID: A-North
Chicago Read Mental Health Center
4200 N. Oak Park
Chicago, IL 60634

Dated: March 22, 2019

　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　LISA R. CLARK, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　Honorable JAMES DONATO

4