UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC MEYER,

    Plaintiff,

v.

T. SHAN,

    Defendant.

Case No. 19-cv-01347-JD

**ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND SUBJECTING HIS SUBMISSIONS TO PRE-FILING REVIEW**

Plaintiff was ordered to show cause by April 5, 2019, why he should not be declared a vexatious litigant and required to obtain leave of Court before filing any new action. Plaintiff has not responded to the Court's order but has filed two new cases that are frivolous. *See* Case Nos. 19-cv-1703; 19-cv-1815. As noted in detail in the order to show cause (Docket No. 3), plaintiff has filed 19 incomprehensible complaints in the last few months in this district, where he does not reside. All of the complaints have been dismissed because they were unintelligible and frivolous. Plaintiff's repeated filings here are particularly odd because he is housed in Illinois, names defendants in Illinois or elsewhere in the country, and none of the cases have any connection whatsoever to the Northern District of California.

**Legal Standard**

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessy*, 912 F.2d 1144, 1148 (9th Cir. 1990). The Ninth Circuit has established "four factors for district courts to examine

before entering pre-filing orders." *Molski*, 500 F.3d at 1057. "First, the litigant must be given notice and a chance to be heard before the order is entered"; second, the court "must compile 'an adequate record for review'"; third, the court "must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation"; and fourth, "the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" *Id*. (citing *De Long*, 912 F.2d at 1147-49). In considering the third and fourth factors, the Ninth Circuit applies the test from *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). See Molski, 500 F.3d at 1058.

The Ninth Circuit has held that the five-factor *Safir* test provides "a helpful framework for applying" factors three and four of the Ninth Circuit's four-factor standard-i.e., the frivolous or harassing nature of the plaintiff's litigation, and the narrow tailoring of any pre-filing order the court enters. *Molski*, 500 F.3d at 1058. The *Safir* test considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24.

**Discussion**

The history of litigation reveals a pattern of frivolous and duplicative lawsuits. As described in the order to show cause plaintiff has filed 19, now 21, frivolous and incoherent complaints. There is no objectively good faith expectation of prevailing as many of the lawsuits seek for plaintiff to marry certain actresses and others state that the World Bank and International Monetary Fund are part of a large conspiracy. Plaintiff is not represented by counsel, which weighs against declaring him vexatious. Yet, even an unrepresented litigant should understand after repeated attempts at pursuing frivolous claims or challenging the same conduct that his claims are without merit and should not be pursued. Thus, this factor does not weigh strongly against declaring plaintiff vexatious. Finally, plaintiff has placed an inordinate burden on the Court. The record reflects that plaintiff regularly files non-meritorious, incoherent complaints.

Court personnel must spend significant time and taxpayer resources attempting to understand plaintiff's filings, resources that could otherwise be spent resolving the disputes of the many litigants who adhere to court rules and requirements.

The final *Safir* factor-whether other sanctions would be adequate to protect the Court and other parties-overlaps with the narrow tailoring analysis in the Ninth Circuit's four-factor test.

This Order is narrowly tailored to meet only the goal of relieving this Court from having to respond to frivolous complaints that plaintiff may file in the future. Lesser sanctions are inadequate to protect the Court, because plaintiff has demonstrated his incapacity to follow the rules and requirements of this Court. Specifically, plaintiff's litigation history demonstrates that he has been unresponsive to the Courts' repeated, clear indications that his complaints are without merit. Given this pattern of behavior, the Court finds that nothing less than a pre-filing order will prevent the Court from undertaking the burden of responding to plaintiff's non-meritorious and frivolous complaints.

**Conclusion**

1. Plaintiff, Eric Meyer, is hereby barred from participating in the filing of any lawsuit, under this name or any aliases, either alone or with other plaintiffs, in the United States District Court for the Northern District of California, without first obtaining leave of Court.

2. To obtain leave of Court, plaintiff must seek leave in writing to file a new action and must include with his request (a) a copy of the complaint he proposes to file, and (b) the following statement in capital letters on the first page of the request: **"THIS PLEADING IS SUBJECT TO AN ORDER REQUIRING LEAVE OF COURT TO FILE A NEW ACTION. PURSUANT TO THE ORDER OF THIS COURT IN CASE NUMBER 19-CV-1347-JD, THE DUTY JUDGE MUST DETERMINE WHETHER THIS SUBMISSION IS INTELLIGIBLE AND NON-FRIVOLOUS BEFORE IT CAN BE FILED."**

3. If plaintiff requests leave of court in the manner required by ¶ 2, the Clerk of Court shall refer his request to the duty judge, who shall determine whether it states a non-frivolous cause of action. If it does, the duty judge shall so advise the Clerk of Court, and the submission will be filed and assigned as if no pre-filing order were in place. If the duty judge determines that

3

the submission is not intelligible, or is frivolous, the Clerk shall not file it and shall instead follow the procedures of the following paragraph.

4. If plaintiff participates in the filing of a lawsuit without requesting leave of Court, or requests such leave and is denied, the Clerk of Court shall not docket any such submission. The Clerk shall advise plaintiff in writing that the submission has not been filed because plaintiff is not permitted to participate in lawsuits before this Court without receiving advance permission. No filing fee shall be accepted in that case.

5. This order shall not apply to any suit in which a licensed attorney represents plaintiff, or to any action in which plaintiff appears as a criminal defendant.

6. This order shall remain in effect until further order by this Court. Plaintiff may petition for this order to be repealed after two years from the date of this order but must demonstrate in any such request that he has entirely ceased his practice of filing frivolous complaints.

**IT IS SO ORDERED.**

Dated: April 12, 2019

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC MEYER,

    Plaintiff,

v.

T. SHAN,

    Defendant.

Case No. 19-cv-01347-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 12, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Meyer ID: A-North
Chicago Read Mental Health Center
4200 N. Oak Park
Chicago, IL 60634

Dated: April 12, 2019

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO